# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-1957V
Filed: December 13, 2018
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LUCIANA CHAVES and RODRIGO CALLONI, as parents and natural guardians of A.C., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Numerous infant vaccines; infantile seizure disorder; no expert report; motion for decision of dismissal |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Renée J. Gentry, Washington, DC, for petitioners.
Brittany A. Ditto, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DISMISSAL DECISION[1]

On December 15, 2017, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that numerous vaccinations administered on December 22, 2014 to their daughter A.C. caused her infantile seizure disorder whose onset was December 23, 2014. Pet. Preamble and at ¶13. However, medical records show that A.C.'s infantile seizure disorder was due to a traumatic brain injury on January 5, 2015 at daycare.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. **This means the decision will be available to anyone with access to the Internet.** When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On December 13, 2018, petitioners filed a Motion for Decision dismissing their petition, stating: "An investigation of the facts and science supporting [sic] has demonstrated to the [p]etitioners that they will be unable to prove that they are entitled to compensation in the Vaccine Program." Mot. at 1. Petitioners add "to proceed any further would be unreasonable and would waste the resources of the Court, the [r]espondent, and the Vaccine Program." Id.

This is a causation in fact case. A.C.'s medical records do not support petitioners' allegations by a preponderance of the evidence and they have failed to file a medical opinion from an expert in support of their allegations. The undersigned finds petitioners have failed to make a prima facie case and grants their motion for a decision **DISMISSING** this petition.

## FACTS

On January 5, 2015, petitioner Ms. Chaves told Dr. Julian B. Orenstein at Shady Grove Adventist Hospital that A.C.'s caretaker turned away from A.C. and found her unresponsive less than one minute later. Med. recs. Ex. 6, at 6. Ms. Chaves noted A.C. was sick and vomiting about one week earlier and she took A.C. to a doctor who found **no significant problems**. **A.C.'s symptoms resolved a few days later and A.C. had been healthy until January 5, 2015. A.C. had no known health problems.** Id.

A.C.'s traumatic brain injury, following non-accidental trauma on January 5, 2015 at daycare, resulted in unresponsiveness, acute subdural hematoma, closed head injury, focal seizure, retinal hemorrhage of both eyes, and acute encephalopathy. Med. recs. Ex. 4, at 3. **Prior to this event, she was a healthy six-month-old infant.** Id. **During her first three days of hospitalization, A.C. experienced seizures.** Id. An initial MRI of A.C.'s cervical spine evoked concern for ligamentous laxity injury of the cervical spine, which ultimately resolved. Id. A.C. lost her previous developmental skills. Id. at 5.

## Analysis of the Import of the Medical Records

From the medical records, A.C.'s non-accidental trauma caused her infantile seizure disorder, closed head injury, acute subdural hematoma, unresponsiveness, retinal hemorrhage of both eyes, and acute encephalopathy. Whether or not A.C.'s prior illness and vomiting were due to her December 22, 2014 vaccinations, a medical doctor found A.C. did not have any significant problems. Petitioner Ms. Chaves said A.C.'s prior illness and vomiting resolved a few days later. Therefore, not only did A.C. not have sequelae of her alleged vaccine injury lasting more than six months (42 U.S.C. § 300aa-11(c)(1)(D)(i)), but also a superseding factor, i.e., non-accidental trauma, caused her infantile seizure disorder and other brain injuries.

The Federal Circuit in Capizzano v. Sec'y of HHS, 440 F.3d 1317, 1326 (Fed. Cir. 2006), emphasized that the special masters are to evaluate seriously the opinions of petitioner's treating doctors since "treating physicians are likely to be in the best position to determine whether a logical sequence of cause and effect show[s] that the vaccination was the reason for the injury." See also Broekelschen v. Sec'y of HHS, 618 F.3d 1339, 1347 (Fed. Cir. 2010); Andreu v. Sec'y

of HHS, 569 F.3d 1367, 1375 (Fed. Cir. 2009).  A.C.'s treating doctor before A.C.'s non-accidental trauma found she had no significant problems when she had sickness and vomiting and these problems resolved after a few days.  A.C.'s treating doctors after her non-accidental trauma attributed all of her problems, including infantile seizure disorder, to her non-accidental trauma.

## DISCUSSION

To satisfy their burden of proving causation in fact, petitioners must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

Petitioners must show not only that but for A.C.'s vaccinations, she would not have infantile seizure disorder, but also that A.C.'s vaccinations were a substantial factor in causing her infantile seizure disorder.  Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioners based solely on their allegations unsubstantiated by medical records or medical opinion.  The medical records do not support petitioners' allegations.  Petitioners have not filed a medical expert opinion in support of their allegations.

Moreover, a factor unrelated to A.C.'s vaccinations appears to be the cause in fact of her brain trauma.  She suffered brain trauma at the babysitter's place on January 5, 2015, which was two weeks after her vaccinations.

The undersigned grants Petitioners' Motion for Decision Dismissing the petition and **DISMISSES** this petition for failure to make a prima facie case of causation of fact.

## CONCLUSION

      This case is now **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated:  December 13, 2018                                                     /s/ Laura D. Millman
                                                                                        Laura D. Millman
                                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.