# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1957V
Filed: October 9, 2019
UNPUBLISHED

| | |
|---|---|
| LUCIANA CHAVES and RODRIGO CALLONI, as parents and natural guardians of A.C.,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Master Horner<br><br>Attorneys' Fees and Costs; Denial; Reasonable Basis; Good Faith |

*Renee J. Gentry, Vaccine Injury Clinic, George Washington Univ. Law School, Washington D.C,* for petitioners.
*Brittany Alexandra Anne Ditto, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION REGARDING ATTORNEYS' FEES AND COSTS[1]

  Petitioners initiated this action on December 15, 2017. They moved to dismiss their claim on December 13, 2018, but now seek to recover attorneys' fees and costs. Respondent opposes petitioner's motion for attorneys' fees and costs, arguing that petitioners lacked both a reasonable basis and good faith in bringing their petition. For the reasons described below, I find that petitioner's motion should be denied.

  **I. Procedural History**

  As noted above, petitioners filed their claim on December 15, 2017. The claim addressed injuries, including an infantile seizure disorder, that allegedly arose from

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

1

A.C.'s 6-month vaccinations, administered December 22, 2014.  (ECF No. 1, p. 1.)  The petition alleged that A.C. experienced projectile vomiting on December 23, 2014, and was later found unresponsive at daycare on January 5, 2015.  (*Id.*)  Accordingly, the petition was filed within days or weeks of the expiration of the statute of limitations.  *See* 42 U.S.C. §300aa-16(a)(2).

Shortly after filing, petitioner's counsel advised that complete medical records were not yet available. (ECF No. 9.)  Medical records were subsequently filed on February 26, 2018.  (ECF No. 10.)  Upon review of those records, the previously-assigned special master issued an Order to Show Cause why the case should not be dismissed.  (ECF No. 13.)  The special master explained that the medical records reflected that A.C.'s treating physicians attributed her condition, including her seizure disorder, to a non-accidental head trauma experienced at daycare.  (*Id.* at 1.)

Petitioners filed additional medical records on April 12, 2018 (ECF No. 9); however, in a status conference held May 2, 2018, the special master advised that the case lacks a reasonable basis based on the medical records.  (ECF No. 19.)  Petitioners filed further medical records on May 12, 2018 (ECF No. 20), but upon review, the special master again confirmed that the case had no reasonable basis based on the medical records.  (ECF No. 21.)

Nonetheless, petitioners advised that they were consulting an expert to review the case.  (ECF Nos. 19, 22.)  Petitioners indicated that they were exploring a significant aggravation claim and also that additional medical records would be filed.[2]  (ECF No. 22.) Additional medical records were filed between June 26, 2018, and September 14, 2018.  (ECF Nos. 28, 32, 33.)  However, petitioners never filed an expert report.

On December 13, 2018, petitioners filed a motion to dismiss.  (ECF No. 38.)  They indicated that "[a]n investigation of the facts and science supporting [this claim] has demonstrated to the petitioners that they will be unable to prove that they are entitled to compensation in the Vaccine Program. In these circumstances, to proceed any further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program."  (*Id.* at 1.)  The special master dismissed the case on December 13, 2018.  (ECF No. 39.)

Petitioners filed a motion for attorneys' fees and costs on July 14, 2019, seeking $25,719.16, including $4,267.46 in costs, $3,675.00 of which are attributable to expert review of the case.  (ECF No. 43.)  The previously-assigned special master having

---

[2] Although petitioners did file an amended petition on March 12, 2016, to make minor corrections to their initial petition, they never filed any petition explicitly incorporating a significant aggravation claim.  Accordingly, it is not entirely clear what significant aggravation claim petitioners intended to pursue.  The two petitions filed in this case were clear in indicating that the claim stemmed from A.C.'s December 22, 2014 vaccinations and that A.C. was "a healthy and normal infant" prior to administration of the December 22, 2014 vaccinations.  (ECF Nos. 1, 16.) There is a reference in the medical records to A.C. being "more agitated" after her 9-moth vaccinations.  (Ex. 8, p. 24.)  Billing records reflect that petitioners' expert reviewed the medical records for evidence of regression following the 9-month vaccinations.  (ECF No. 43, p. 21.)

retired, the case was reassigned to me for resolution of petitioners' motion. (ECF No. 46.) Respondent filed a response opposing petitioner's motion on August 28, 2019, and petitioner filed no reply. Accordingly, the motion is now ripe for resolution.

## II.     Fact Summary

Upon dismissing this claim, the previously-assigned special master summarized the facts of this case as follows:

> On January 5, 2015, petitioner Ms. Chaves told Dr. Julian B. Orenstein at Shady Grove Adventist Hospital that A.C.'s caretaker turned away from A.C. and found her unresponsive less than one minute later. Med. recs. Ex. 6, at 6. Ms. Chaves noted A.C. was sick and vomiting about one week earlier and she took A.C. to a doctor who found no significant problems. A.C.'s symptoms resolved a few days later and A.C. had been healthy until January 5, 2015. A.C. had no known health problems. *Id.*
>
> A.C.'s traumatic brain injury, following non-accidental trauma on January 5, 2015 at daycare, resulted in unresponsiveness, acute subdural hematoma, closed head injury, focal seizure, retinal hemorrhage of both eyes, and acute encephalopathy. Med. recs. Ex. 4, at 3. Prior to this event, she was a healthy six-month-old infant. *Id.* During her first three days of hospitalization, A.C. experienced seizures. *Id.* An initial MRI of A.C.'s cervical spine evoked concern for ligamentous laxity injury of the cervical spine, which ultimately resolved. *Id.* A.C. lost her previous developmental skills. *Id.* at 5.

(ECF No. 39, p. 2.)

## III.    Legal Standard

Section 15(e)(1) of the Vaccine Act allows for the special master to award reasonable attorneys' fees, and other costs. § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Id.*

Whether a claim is brought in "good faith" is a subjective determination, long understood as requiring an "honest belief" that a claim is appropriate for compensation. *See, e.g., Chronister v. Sec'y of Health & Human Servs.*, No. 89-41V, 1990 WL 293438, *1 (Fed. Cl. Spec. Mstr. Dec. 4, 1990). The standard for finding good faith has been described as "very low," and findings that a petition lacked good faith are rare. *Heath v. Sec'y of Health & Human Servs.*, No. 08-86V, 2011 WL 4433646, *2 (Fed Cl. Spec. Mstr. Aug. 25, 2011). In fact, it has been said that petitioners are entitled to a presumption of good faith absent direct evidence of bad faith. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996).

3

The question of whether a claim has a "reasonable basis" is objective, and must be affirmatively established by the petitioner. *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011). The claim of a "reasonable basis" must be supported by more than "unsupported speculation." *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). Rather, to have a reasonable basis, a claim must be supported, at a minimum, by medical records or medical opinion. *Chronister*, 1990 WL 293438, at *1.

Significant to this case, in *Simmons v. Secretary of Health & Human Services*, the Federal Circuit held that:

> The Vaccine Act provides that there must be a "reasonable basis *for the claim* for which the petition was brought" before the special master may exercise her discretion in awarding attorneys' fees. 42 U.S.C. § 300aa–15(e)(1) (emphasis added). Whether there is a looming statute of limitations deadline, however, has no bearing on whether there is a reasonable factual basis "for the claim" raised in the petition. That is an objective inquiry unrelated to counsel's conduct. Although an impending statute of limitations deadline may relate to whether "the petition was brought in good faith" by counsel, the deadline does not provide a reasonable basis for the merits of the petitioner's claim. *Id.*

875 F.3d 632, 636 (Fed. Cir. 2017) (emphasis original).

### IV.  Party Positions

Petitioners' motion requested that the special master "grant all reasonable compensation as allowed by the Vaccine Act." (ECF No. 43, p. 2.) Although petitioners' motion included documentation and affidavits supporting the hours and rates billed in the prosecution of the case, they included no discussion of the reasonable basis and good faith that is required to substantiate an award of attorneys' fees and costs in an unsuccessful claim.

In his response, respondent challenged petitioners' motion regarding both reasonable basis and good faith. (ECF No. 47.) Respondent argued that petitioner's medical records "included clear and consistent evidence that A.C.'s injuries were consistent with [non-accidental trauma], and none suggesting that A.C.'s injuries were caused by vaccines." (*Id.* at 10.) Moreover, respondent stressed that at the time of filing their petition "petitioners were aware that A.C. was healthy until she sustained [a non-accidental trauma] at daycare, and that all of her treating physicians attributed her subsequent injuries to [non-accidental trauma]." (*Id.* at 9.) Because of this awareness, as well as their awareness that an investigation was being conducted into the daycare center's culpability, respondent further argued that petitioners also lacked a good faith basis for bringing this claim. (*Id.* at 8.)

## V. Discussion

Petitioners filed their claim very close in time to the expiration of the statute of limitation and evidently without the benefit of counsel's review of A.C.'s complete medical records. However, subsequent investigation by counsel into the content of A.C.'s medical records, and expert review, provided no basis for petitioners to proceed and petitioners dismissed their claim without presenting any medical evidence supporting the allegation that any of A.C.'s childhood vaccines caused or significantly aggravated her condition. Pursuant to the Vaccine Act, a special master may not find in a petitioner's favor "based on the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1).

In dismissing the petition, the special master explained that:

> From the medical records, A.C.'s non-accidental trauma caused her infantile seizure disorder, closed head injury, acute subdural hematoma, unresponsiveness, retinal hemorrhage of both eyes, and acute encephalopathy. Whether or not A.C.'s prior illness and vomiting were due to her December 22, 2014 vaccinations, a medical doctor found A.C. did not have any significant problems. Petitioner Ms. Chaves said A.C.'s prior illness and vomiting resolved a few days later. Therefore, not only did A.C. not have sequelae of her alleged vaccine injury lasting more than six months (42 U.S.C. § 300aa-11(c)(1)(D)(i)), but also a superseding factor, i.e., non-accidental trauma, caused her infantile seizure disorder and other brain injuries.

(ECF No. 39, p. 2.)

Upon my review of the medical records filed in this case, I agree with the previously-assigned special master's conclusion. There are, at best, some references in the medical records which discuss a temporal proximity between A.C.'s December 22, 2014 vaccinations and either her seizure disorder or her December 23, 2014 episode of vomiting (*see, e.g.* Ex. 8, p. 24; Ex. 16, p. 13), but these notations stop far short of assigning any causal relationship. It is well established that a temporal relationship alone is insufficient to establish causation in this program. *See, e.g. Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005)(stating that "[a]lthough probative, neither a mere showing of a proximate temporal relationship between vaccination and injury, nor a simplistic elimination of other potential causes of the injury suffices, without more, to meet the burden of showing actual causation.").

Moreover, as the previously-assigned special master explained, A.C.'s medical records show that she was treated on the basis of being status-post traumatic brain injury. (*See, e.g.* Ex. 2, pp. 1-2; Ex. 11, p. 31; Ex. 9, p. 8.) In that regard, the Federal Circuit has emphasized that "treating physicians are likely to be in the best position to determine whether a logical sequence of cause and effect show[s] that the vaccination

5

was the reason for the injury." *Capizzano v. Sec'y of Health & Human Servs.*, 440 F.3d 1317, 1326 (Fed. Cir. 2006).

Finally, petitioners bear the burden of demonstrating their entitlement to attorneys' fees and costs. *McKellar*, 101 Fed Cl. at 297 (noting that "[w]e agree with the government that this was legal error because it effectively shifted the burden to the government to show that the petition did not have a reasonable basis. The burden is on the petitioner to affirmatively demonstrate a reasonable basis."). In this case, however, petitioners have not explained why there was a reasonable basis to file this claim despite having voluntarily dismissed the claim for lack of sufficient factual or scientific support. Nor have they explained on what basis it was reasonable to seek expert consultation.

Accordingly, for all the reasons above, I find that petitioners had no reasonable basis to bring this claim. Having concluded that there was no reasonable basis for this claim, there is no reason to reach the question of petitioners' good faith basis for bringing the claim. I do note, however, that, consistent with *Simmons, supra*, it appears that counsel acted in good faith in filing this claim to the extent there was a need to preserve the action for further investigation in light of the expiring statute of limitation.

## VI.   Conclusion

In light of all of the above, petitioners' motion for attorneys' fees and costs is **DENIED** and no award for attorneys' fees and costs is made.

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u><br>
Daniel T. Horner<br>
Special Master